UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                           :

DRYWALL TAPERS AND POINTERS OF   :
GREATER NEW YORK LOCAL UNION 1974,  :
AFFILIATED WITH INTERNATIONAL     :
UNION OF ALLIED PAINTERS AND ALLIED  :       21 Civ. 5616 (LGS)
TRADERS, AFL-CIO,                      :
                                            :       **<u>OPINION AND ORDER</u>**
                                Petitioner,  :

                -against-                   :

EFRAIN JIMENEZ, JR., GENERAL       :
CONTRACTOR, INC.,                   :

                             Respondent. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      Petitioner, Drywall Tapers and Pointers of Greater New York Local Union 1974,

Affiliated with International Union of Allied Painters and Allied Trades, AFL-CIO (the

"Union"), seeks confirmation of an arbitration award issued March 5, 2021 (the "Award"),

pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, and Section 301 of

the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  Respondent Efrain Jimenez,

Jr. did not appear in this action and did not oppose the Petition to Confirm Arbitration Award

(the "Petition").  For the following reasons, the Petition is granted.

**I.**      **BACKGROUND**

      The following undisputed facts are derived from the sworn declaration of Petitioner's

counsel and attached exhibits, including the Award, as well as the docket in this case.

      Respondent entered into a collective bargaining agreement (the "Agreement") with the

Union.  The Agreement provides for the submission of disputes to final, binding decisions of the

Joint Trade Board and establishes fines for violating these provisions.  If an arbitration is commenced and one party fails to appear after due notice, the hearing may proceed in that party's absence.  In order to prevail at the arbitration hearing, the appearing party must submit evidence required for a decision in the party's favor.

A dispute arose between the parties when Respondent failed to pay wages and benefits to Union member Steven Moncada for work covered under the Agreement, as required under Article VIII (wages) and Article XX (benefits) of the Agreement.  On February 10, 2021, Drywall served Respondent with a Notice of Intent to Arbitrate and informed Respondent that a hearing was scheduled for February 24, 2021.  The arbitration was held on February 24, 2021, and Respondent did not appear.

On March 5, 2021, the Joint Trade Board (the "Board") issued the Award in favor of the Union, finding Respondent guilty of failing to pay wages and benefits in violation of Article VIII, Article XX, and Article XIII Section 6, Violation 9 of the Agreement.  The Award directed Respondent to pay $956.40 in wages and $6,851.64 in benefits on behalf of Union member Steven Moncada.

On June 29, 2021, Petitioner filed the Petition and commenced this action to enforce the wage portion of the Award in the amount of $956.40.  (The benefits portion of the Award already had been satisfied.)  Respondent was served with the Petition and a Summons on July 1, 2021, and proof of service was filed with the Court on July 6, 2021.  Respondent has not appeared or responded to the Summons and Petition.

## II.    STANDARD

Under the FAA, a party to an arbitration proceeding may apply for a judicial decree confirming the award, which a court "must grant . . . unless the award is vacated, modified, or

2

corrected." 9 U.S.C. § 9. "Section 301 of the LMRA specifically provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Manzo*, No. 21 Civ. 504, 2021 WL 3082291, at *2 (S.D.N.Y. July 20, 2021) (internal quotation marks omitted). Generally, a district court should treat an unanswered petition to confirm or vacate an arbitration award "as an unopposed motion for summary judgment." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Piccini MNM, Inc.*, No. 19 Civ. 5258, 2021 WL 1791591, at *2 (S.D.N.Y. May 5, 2021).

Although a summary judgment standard is applied to a petition to confirm, a federal court's review of labor arbitration awards is "narrowly circumscribed and highly deferential." *ABM Indus. Grps., L.L.C. v. Int'l Union of Operating Eng'rs, Loc. 30, 30A, 30B, AFL-CIO*, 968 F.3d 158, 161 (2d Cir. 2020). "We may not review the arbitrator's decision on the merits, but inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Id.* (internal quotation marks omitted). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Bhd. of Carpenters & Joiners of Am. v. Tappan Zee Constrs., L.L.C.*, 804 F.3d 270, 275 (2d Cir. 2015) (alteration in original). The award should be confirmed as long as it "draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 537 (2d Cir. 2016) (internal quotation marks omitted).

### III.   DISCUSSION

#### A.   Confirmation of the Award

The Petition is granted because no genuine issues of material fact exist in this case.  Here, Respondent entered into the Agreement, which requires Respondent to pay wages and benefits to its employees and provides for arbitration to settle any related disputes between the parties. Respondent failed to participate in the arbitration proceeding after receiving notice of the hearing, and the Board subsequently issued the Award in favor of the Union.  Respondent has since failed to satisfy the wage portion of the Award and failed to oppose the Petition.

Respondent's failure to participate before the Board does not give reason to reverse the Award where, as here, the Agreement provides that arbitration may proceed in the absence of a party and empowers the arbitrator to award monetary damages. *See Nat'l Football League*, 820 F.3d at 537; *Trs. for the Mason Tenders Dist. Council Welfare Fund v. DCM Grp., L.L.C.*, No. 13 Civ. 1925, 2017 WL 384690, at *4 (S.D.N.Y. Jan. 25, 2017) (confirming arbitration award brought under LMRA § 301 where defendant did not oppose the petition and the record supported the arbitrator's findings).  The Board applied the contract and acted within the scope of its authority.  The record reflects no reason why the Union's motion to confirm should be denied.  The Union therefore is entitled to confirmation of the Award.

### IV.   CONCLUSION

For the foregoing reasons, the Petition is GRANTED.  Petitioner is awarded $956.40 in damages pursuant to the Award.  The Clerk of Court is respectfully directed to close the case.

Dated:  September 22, 2021
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**